T.C. Memo. 2011-211

UNITED STATES TAX COURT

ALEC JEFFREY MEGIBOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7943-10.                    Filed August 30, 2011.

<u>Anthony M. Bentley</u>, for petitioner.

<u>Shawna A. Early</u> and <u>Robert A. Baxer</u>, for respondent.

MEMORANDUM OPINION

MORRISON, <u>Judge</u>:  The IRS issued to petitioner Alec Jeffrey
Megibow a statutory notice of deficiency pursuant to section
6212.[1]  The notice reflected the IRS' determination of a $506
income-tax deficiency for the tax year 2007.  Dr. Megibow brings

---

[1]All section references are to the Internal Revenue Code for
the year in issue.

this case pursuant to section 6213(a), asking this Court to redetermine the deficiency. For the reasons explained below, we sustain the deficiency.

## Background

At the time he filed his petition, Megibow resided in New York. During 2007, the IRS issued Megibow three checks that it contends were partly payments of interest Megibow earned on tax overpayments. The table below sets forth the dates of the three checks, the amounts of the checks, the tax years to which the IRS contends each check corresponds, and the portions of the amounts that the IRS contends are interest:

Checks Paid by the IRS to Megibow in 2007
That Allegedly Contain an Interest Component

| Date of Check | Tax Year to Which Check Allegedly Relates | Amount of Check | Portion of Amount That Is Allegedly Interest |
|---|---|---|---|
| 8/27/07 | 1997 | $11,383.03 | $1,000.11 |
| 9/3/07 | 1998 | 8,266.20 | 803.94 |
| 11/12/07 | 2006 | 13,210.00 | 4.39 |
| Total | | 32,859.23 | 1,808.44 |

On his 2007 income-tax return, Megibow did not report that he earned any interest income from the IRS. On the basis of its view that Megibow earned $1,808.44 of interest on tax overpayments, the IRS determined a $506 income-tax deficiency and issued Megibow a notice of deficiency on January 11, 2010. In response, Megibow filed a petition for redetermination of the deficiency.

## Discussion

If a taxpayer overpays federal taxes, the IRS is required to pay interest on the overpayment. Sec. 6611(a). Generally, a taxpayer who earns interest must include the interest in gross income for the tax year in which it is received. Sec. 61(a)(4) (gross income includes interest); sec. 451(a) (item is included in gross income for the taxable year in which item is received by the taxpayer except when taxpayer's tax-accounting method dictates a different year). Thus, a taxpayer who earns interest on a tax overpayment must generally include the interest in gross income in the year it is received.

At trial the IRS introduced into evidence its accounting records for Megibow's 1997, 1998, and 2006 tax years. These records reflect the history of Megibow's dealings with the IRS, including the dates he made tax payments, the dates the IRS paid him refunds, and the dates he accrued tax liabilities. According to the records, the IRS made three payments to Megibow in 2007. Portions of each of the three payments are described as "INTEREST DUE TAXPAYER". The portions are $1,000.11, $803.94, and $4.39 for overpayments of tax for the tax years 1997, 1998, and 2006, respectively--a total of $1,808.44. Megibow contends that the accounting records are irrelevant in determining the amount of interest income he earned because the records do not show what rate the IRS used to compute interest. Although the accounting

records do not explicitly show the interest rate that the IRS used in the computations, they are nonetheless persuasive that $1,808.44 of the payments was, in substance, interest income. The records show that the IRS computed and recorded that $1,808.44 of its payments to Megibow was interest. Megibow produced no evidence that the disputed portions were not interest. He did not himself testify, call others to testify, or introduce documentary evidence. In his brief, Megibow erroneously asserts that his attorney testified at trial. The attorney gave an opening statement, but he was not sworn in, and he was not subjected to cross-examination. Thus, he did not testify.

Megibow contends that the IRS has the burden of proof. We need not resolve whether this is correct. The IRS has shown by a preponderance of the evidence that the disputed portions of the payments are interest income. See Estate of Gilford v. Commissioner, 88 T.C. 38, 51 (1987) (burden of proof is satisfied by preponderance of evidence); Van Dusen v. Commissioner, 136 T.C. ___, ___ (2011) (slip. op. at 13) ("Our conclusions here, however, are based on the preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.").

Megibow argues that the IRS failed to report to him, for example by issuing him a Form 1099, that the payments had an interest component. The question we are required to answer is

whether the disputed portions of the payments are taxable. See sec. 61(a). The nonreceipt of an information return, such as a Form 1099, does not convert a taxable item into a nontaxable item. See Vaughn v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

We required the parties to file simultaneous opening briefs, followed by simultaneous answering briefs. In his answering brief Megibow challenges the adequacy of the amount of interest the IRS paid. He also raises an argument involving the Takings Clause of the Constitution. See U.S. Const., amend. V. Because these arguments were not made in the opening brief, we do not consider them. We conclude that Megibow earned the disputed $1,808.44 as interest income.

To reflect the foregoing,

Decision will be entered for respondent.